IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIO CESAR ORTIZ, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-1611-N (BT) |
| § | |
| LORIE DAVIS, *Director,* TDCJ-CID § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Julio Ortiz, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay the habeas petition while he exhausts his state remedies. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be transferred to the Fifth Circuit Court of Appeals as successive, and the motion to stay should be denied.

I.

Petitioner challenges his conviction for murder and life sentence. *State of Texas v. Julio Cesar Ortiz*, No. F-0453702-L (Crim. Dist. Ct. No. 5, Dallas County, Tex., Oct. 7, 2005). On February 21, 2007, the Fifth District Court of Appeals affirmed. *Ortiz v. State*, No. 05-05-01527-CR (Tex. App. – Dallas 2007).

1

On October 3, 2007, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Ortiz v. State*, PD-0692-07.

On July 3, 2008, Petitioner filed a state habeas petition. *Ex parte Ortiz*, No. 71,423-01. On February 4, 2009, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On April 20, 2009, Petitioner filed his first § 2254 petition. *See Ortiz v. Thaler*, No. 3:09-cv-736-N (N.D. Tex.). On December 4, 2009, the district court denied the petition. On August 6, 2010, the Fifth Circuit Court of Appeals denied a certificate of appealability.

On June 13, 2017, Petitioner filed the instant § 2254 petition. He also filed a motion to stay the petition while he exhausts his state remedies. By this action, Petitioner argues:

1. His conviction was obtained in violation of due process because Heather Thomas, the firearm and tool examiner who testified at his trial, was later "exposed for misidentifying a firearm in another criminal prosecution."

2. Trial counsel was ineffective for not cross-examining Thomas as vigorously as he would have if she had already been "exposed . . . for misidentifying the murder weapon in another criminal prosecution."

3. His conviction was obtained in violation of due process because his appellate attorneys were not able to raise claims challenging Thomas's testimony in light of the subsequent misconduct determination.

2

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this court to consider the successive motion. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254.

III.

For the reasons stated, the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), and Petitioner's motion for stay should be denied.

3

Signed June 22, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).